## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**GREGORY K. CLINTON,**

        **Petitioner,**

**v.**                                                            **Civil Action No. 3:21-CV-58**
                                                                   **(GROH)**

**MR. WOLFE,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On April 21, 2021, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1.[1] Petitioner is a federal inmate who is housed at Gilmer FCI who is challenging the validity of his conviction and sentence imposed in the United States District Court for the Northern District of West Virginia.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice.

---

[1] All CM/ECF references cited herein refer to civil case number 3:12-CV-58, unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Northern District of West Virginia Criminal Action No. 3:08-CR-5[2]

#### 1. Conviction and Sentence

On January 22, 2008, Petitioner was charged in the Northern District of West Virginia with four drug trafficking offenses. ECF No. 1. On April 24, 2008, Petitioner entered a plea, pursuant to a written agreement, to Count 3 of the indictment which charged distribution of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). ECF Nos. 46, 49. Petitioner was sentenced to 87 months of incarceration on August 5, 2008.[3] ECF Nos. 60, 63. On December 22, 2011, the District Court reduced Petitioner's sentence from 87 months to 60 months, pursuant to 18 U.S.C. § 3582(c). ECF No. 131.

#### 2. Direct Appeal

Petitioner filed a notice of appeal on August 6, 2008, in the Fourth Circuit's docket number 08-4810. ECF Nos. 62, 67. The Fourth Circuit affirmed the Petitioner's conviction by per curiam opinion issued on June 11, 2009. ECF No. 77.

#### 3. Motion to Vacate

On August 18, 2010, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. ECF No. 86. The motion to vacate was denied on December 19, 2012. ECF No. 133.

---

[2] All CM/ECF references in facts section II.A. refer to entries in the docket of Criminal Action No. 3:08-CR-5, in the Northern District of West Virginia.

[3] Petitioner was sentenced on August 5, 2008, but the Court's judgment was not entered and filed by the Clerk until August 11, 2008.

### 4. Probation Petitions

On August 4, 2015, the Probation Department filed a petition against Petitioner based on a new traffic offense which was not reported to Petitioner's probation officer. ECF No. 142. No sanction was sought at that time. Id.

On July 7, 2016, an amended petition which requested an arrest warrant was filed by the Probation Department. ECF No. 142. That amended petition sought revocation of probation and alleged the same traffic infraction as the August 4, 2015 petition, and that a new criminal charge was filed against Petitioner in Berkeley County, West Virginia Magistrate Court case number 16M-02F-540, which charged Petitioner with possession with intent to deliver cocaine. Id.

On February 2, 2017, another petition was filed, based on the charges filed against Petitioner on January 18, 2017, in the Northern District of West Virginia, case number 3:17-CR-5. ECF No. 147. The Government moved, and the Court granted the motion to dismiss this petition on August 27, 2018. ECF Nos. 188, 189.

### B. Northern District of West Virginia Criminal Action No. 3:17-CR-5[4]

#### 1. Conviction and Sentence

By superseding indictment returned in the Northern District of West Virginia on March 21, 2017, Petitioner was charged: in Count 1 with being an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); in Counts 2 and 4 with possession with intent to distribute cocaine base, also known as "crack", in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); in Counts 3 and 5 with possession with intent to

---

[4] All CM/ECF references in facts section II.B. refer to entries in the docket of Criminal Action No. 3:17-CR-5, in the Northern District of West Virginia.

distribute cocaine hydrochloride, also known as "coke", in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). ECF No. 40. On April 19, 2018, a jury found Petitioner guilty of Counts 1, 4 and 5 of the superseding indictment. ECF No. 182. The jury further found Petitioner guilty of lesser included offenses of those charged in the superseding indictment: possession of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), a lesser included offense of that charged in Count 2; and possession of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), a lesser included offense of that charged in Count 3. ECF No. 182. Petitioner was sentenced on August 27, 2018, to 264 months on Count 1, 12 months each for Counts 2 and 3, and 240 months each for Counts 4 and 5, all of which were ordered to be served concurrently with one another. ECF No. 205 at 3.

### 2.     Direct Appeal

On August 29, 2018, Petitioner filed a notice of appeal with the Fourth Circuit Court of Appeals, in a case later assigned docket number 18-4621. ECF Nos. 207, 210. During the pendency of that appeal, Petitioner filed a motion to vacate his conviction on September 12, 2018. ECF No. 219. That motion and related pleadings are described in Section II.B.4. below. By unpublished per curiam opinion issued on May 14, 2019, the Fourth Circuit affirmed the judgment of the District Court. ECF No. 286.

### 3.     Other Appeals

On July 21, 2020, Petitioner filed a "writ of error" with the Fourth Circuit. ECF No. 431. As relief, Petitioner requested he be granted a new trial, or alternatively that Counts 1 through 5 of the superseding indictment be dismissed. Id. at 4. Petitioner further sought a "certification of innocence", restitution for each day of "illegal incarceration" at the rate

of $1,500.00 per day, or alternatively dismissal of Count 5 of the superseding indictment. Id. On September 28, 2020, the Fourth Circuit denied Petitioner's request for a writ of error coram nobis, made pursuant to 28 U.S.C. § 1651(a) and Fed. R. App. P. 21. ECF No. 434. The Fourth Circuit concluded that Petitioner failed to establish that he was entitled to the requested writ. Id. A petition for certiorari was filed with the United States Supreme Court on October 2, 2020. ECF No. 440. That petition remains pending in docket number 20-6747. Id.

### 4. Motions to Vacate Pursuant to 28 U.S.C. § 2255

As noted above, Petitioner filed a motion to vacate, set aside or correct judgment on September 12, 2018. ECF No. 219.[5] Petitioner filed the Court-approved form on May 31, 2019. ECF No. 289. An Amended Report and Recommendation filed on August 7, 2019, recommended that Petitioner's motion to vacate and amended petition [ECF Nos. 219, 289] be dismissed without prejudice as premature. ECF No. 305. Petitioner filed a motion to dismiss, styled "Motion to Concede 2255 Motion to Vacate." ECF No. 312. On August 28, 2019, the Court granted the motion to dismiss and dismissed the motion to vacate, and the separate civil action. ECF No. 320.

On October 31, 2019, Petitioner filed a second Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. ECF No. 348. On November 7, 2019, Petitioner filed an Addendum to his § 2255 Motion. ECF No. 354. Petitioner then filed three motions to amend his § 2255 motion on December 6, 2019, January 24, 2020, and February 13, 2020. ECF Nos. 370, 385, 393. By Order entered on April 30, 2020, the District Court granted Petitioner's Motions to Amend and directed Petitioner to make any

---

[5] The motion to vacate was also filed in a separate civil action numbered 3:18-CV-144.

5

amendment to his § 2255 Motion on a Court-approved form within 30 days. ECF No. 415.

On April 30, 2020, Petitioner filed his "Motion to Withdraw 2255 Motion to Vacate." ECF No. 416. Petitioner explained that he was dismissing his § 2255 Motion "to expedite the judicial process" because he was challenging the validity of his original and superseding indictments[6] in a § 2241 Petition. Id. By Order entered on May 1, 2020, the District Court granted Petitioner's Motion to Dismiss his § 2255 Motion. ECF No. 417.

### C. Prior Section 2241 Petitions

#### 1. Northern District of West Virginia Case Number 3:20-CV-73[7]

On April 30, 2020, the *pro se* Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. While that action remained pending, on September 21, 2020, the *pro se* Petitioner filed a separate petition for habeas corpus pursuant to 28 U.S.C. § 2241, which was assigned a new case number, 3:20-CV-179. In both proceedings, Plaintiff asserted essentially the same four claims for relief: (1) that he was illegally sentenced because there were jurisdictional defects in the original and superseding indictments in 3:17-CR-5, and that the District Court improperly sentenced him on counts which were previously dismissed; (2) that there was a defect in Count 2 of the superseding indictment issued on August 11, 2008, and that the defect was constructively and improperly amended; (3) that Petitioner's Double Jeopardy rights were violated when he was charged in both the original and superseding indictments with the

---

[6] The Court notes that in the motion to dismiss, Petitioner refers to his conviction in 3:08-CR-5.

[7] All CM/ECF references in facts section II.C.1 refer to entries in the docket of Civil Action No. 3:20-CV-73, in the Northern District of West Virginia.

same offense, and that Petitioner was improperly sentenced; and (4) that he was arrested pursuant to an illegal warrant. 3:20-CV-73, ECF No. 1 at 5 – 7; 3:20-CV-179, ECF No. 1 at 6, 10 – 16.

On January 11, 2021, a Report and Recommendation was filed in 3:20-CV-73, which recommended that the case be dismissed because Petitioner could not meet the three prongs of the Jones test to challenge his conviction, or the four parts of the Wheeler test to challenge his sentence. ECF No. 65. The District Court adopted that Report and Recommendation and dismissed the action on February 10, 2021. ECF No. 69. Petitioner appealed that decision to the Court of Appeals for the Fourth Circuit on March 2, 2021. ECF No. 72. The Fourth Circuit dismissed the appeal by unpublished per curiam opinion issued on March 29, 2021. ECF No. 78.

### 2. Northern District of West Virginia Case Number 3:20-CV-179[8]

On April 13, 2021, Petitioner filed a motion to withdraw his petition for habeas corpus, which states that Petitioner "does not want to pursue civil action 3:20-CV-179." ECF No. 10. Accordingly, that case was dismissed without prejudice on April 14, 2021. ECF No. 11.

### D. Instant Section 2241 Petition

The instant § 2241 petition was filed[9] with the Court on April 21, 2021. ECF No. 1. The petition alleges six grounds for relief: (1) that the district court did not have either

---

[8] All CM/ECF references in facts section II.C.2 refer to entries in the docket of Civil Action No. 3:20-CV-179, in the Northern District of West Virginia.

[9] The Court notes that although the petition appears to be on the Court-approved form, the Court-approved form pages are interpaginated with handwritten additional pages, and further, that the page numbers of the Court-approved form have been modified. A closer review of the Court-approved form pages submitted by Petitioner and the Court-approved form shows that the pages of the form submitted by Petitioner do not match the pages of the § 2241 form itself, instead being a combination of the Court-

jurisdiction under the Commerce Clause or subject matter jurisdiction to consider Count 1 or Count 1s in 3:17-CR-5; (2) Petitioner's convictions of four counts of the indictment which all charged the same offense which arose from the same course of conduct violated the double jeopardy clause; (3) the trial court's instructions and verdict form which included a lesser included offense violated Petitioner's due process rights; (4) the jury instructions omitted the *mens rea* requirement related to Petitioner's knowledge of his prohibited status as mandated by Rehaif v. United States, 139 S.Ct. 2191 (2019)[10]; (5) that Petitioner was improperly charged and prosecuted in federal court rather than state court; and (6) that Petitioner was denied assistance of counsel during the appellate process. Id. For relief Petitioner asks that the Court: dismiss Count 1s; that he be "resentence[ed] without Count 1s and Count 1 that was dismissed with prejudice"; that he be resentenced "on any count that needs it"; and that "multiplicitous" counts be dismissed Id. at 23.

On May 18, 2021, Petitioner filed a motion to amend his petition. ECF No. 8. On July 30, 2021, Petitioner filed a "motion to correct judg[ment] order and superseding indictment (via) Federal Rule of Civil Procedure Rule 36". ECF No. 17. In its October 14, 2021, order denying that motion, the Court noted that:

> Although it is not entirely clear which of two prior cases he refers to, Petitioner asks this court to correct a judgment in either case number 3:08-CR-5 or 3:17-CR-5. To the extent that Petitioner seeks to obtain this relief through a § 2241 proceeding, such claims should be made in an amended petition for habeas corpus.

---

approved form for a § 2241 petition and a motion to vacate under § 2255. See ECF No. 1 at 11, 14, 15, 17, 18, 23, 24, and https://www.wvnd.uscourts.gov/forms.

[10] Petitioner concedes he did not previously raise this issue because Rehaif was not yet decided at the time. ECF No. 1 at 18.

> Accordingly, the Court **DENIES** Petitioner's motion [ECF No. 17] to correct the judgment in a criminal proceeding. However, to the extent that Petitioner's motion seeks to amend his § 2241 petition, the Court **GRANTS** Petitioner the right to amend his petition.

ECF No. 21. The Court further directed the Clerk to send Petitioner a copy of the Court-approved form to file an amended complaint. Id. Petitioner has not filed an amended petition with the Court.

However, on October 18, 2021, Petitioner filed a motion to correct the docket in 3:17-CR-5, which claim appears to be related to the dismissal of counts in the original indictment, following the issuance of a superseding indictment. ECF No. 22. Further, on January 5, 2022, Petitioner filed a motion to compel summary judgment, along with exhibits. ECF Nos. 25, 25-1 through 25-4.

### III.  LEGAL STANDARDS

#### A.  Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the district court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b), Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.  Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[11] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

## IV. ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address

---

[11] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

10

the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[12] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[12] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.     The date on which the judgment of conviction becomes final;
    b.     The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.     The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.     The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[13] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

---

[13] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

12

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

Although the petition indicates that Petitioner only raises a challenge as to his sentence, it appears that all of Petitioner's claims relate to his conviction. Petitioner challenges the jurisdiction of the court, the validity of the indictment, the jury instructions, and his assistance of counsel during the appellate process. None of Petitioner's six claims directly challenges the legality, imposition, or execution of his sentence. ECF No. 1 at 6 – 22. However, among other requests for relief, Petitioner asks the Court to vacate his conviction and sentence. Id. at 13 – 14.

Because Petitioner used a combination of the Court-approved forms for a § 2241 petition and § 2255 motion to vacate, he did not indicate whether he was aware whether

13

a § 2255 motion was time barred. Further, because Petitioner's direct appeal rights have expired and Petitioner has already filed more than one unsuccessful § 2255[14], he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, thus relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.

As to Petitioner's challenges to his conviction in a § 2241, he must meet all three prongs of the Jones test to challenge his conviction for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if Petitioner meets the first and third prongs of the Jones test as to any of his six claims, he cannot meet the second prong. Subsequent to Petitioner's direct appeal and first section 2255 motion, the substantive law related to the conduct of which Petitioner was convicted has not changed so that that conduct is no longer deemed to be criminal. The crimes Petitioner was convicted of committing—distribution of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1); being an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); possession of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and possession of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)—are still violations of law. Therefore, Petitioner cannot satisfy the second prong of Jones. Consequently,

---

[14] The Court notes that Petitioner's § 2255 motion filed in 3:08-CR-5 was adjudicated on the merits, but that Petitioner's two § 2255 motions filed in 3:17-CR-5 were both dismissed upon Petitioner's motions.

14

because Petitioner in attacking the validity of his conviction fails to establish that he meets the Jones requirements, he has not demonstrated that a section 2255 petition is an inadequate or ineffective remedy, and he cannot meet the savings clause.

Accordingly, because Petitioner cannot satisfy the savings clause of § 2255(e) under Jones, his challenge to his conviction may not be considered under § 2241, and this Court is without jurisdiction to consider his petition on that ground.

Further, to the extent that Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. As to his challenge to his sentence, Petitioner does not cite to any substantive law which has changed, thus there is nothing to apply retroactively on collateral review, and Petitioner has failed to satisfy the second prong of the Wheeler test. Accordingly, Petitioner fails to meet the second requirement of Wheeler, and the undersigned need not address the other prongs of the Wheeler test.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Jones or Wheeler tests, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

It is further **RECOMMENDED** that Petitioner's motions to correct [ECF No. 22] and to compel [ECF No. 25] be **TERMINATED** as **MOOT.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record by electronic means.

DATED: January 10, 2022

/s/ *Robert W. Trumble*

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE