**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**GREGORY K. CLINTON,**

    Petitioner,

v.   CIVIL ACTION NO.: 3:21-CV-58
(GROH)

**MR. WOLFE,**

    Respondent.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is the Report and Recommendation ("R&R") in the above-styled action, entered by United States Magistrate Judge Robert W. Trumble on January 19, 2022. ECF No. 29. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court deny and dismiss the Petitioner's petition [ECF No. 1] without prejudice. The Petitioner timely filed his objections to the R&R on January 27, 2022. ECF No. 31. Accordingly, this matter is now ripe for adjudication.

### I. BACKGROUND

The Petitioner filed the pending Petition for Writ of Habeas Corpus on April 21, 2021. ECF No. 1. His petition concerns alleged deficiencies with his prior criminal case before this Court, 3:17-cr-5. ECF No. 1. In January of 2017, the Petitioner was charged with one count of being an armed career criminal. ECF No. 1 in 3:17-cr-5. Two months

later, the Government filed a superseding indictment, charging the Petitioner in five counts. ECF No. 40 in 3:17-cr-5. Count One charged the Petitioner with being an armed career criminal, Counts Two and Four charged the Petitioner with possession with intent to distribute cocaine base, also known as "crack," and Counts Three and Five charged the Petitioner with possession with intent to distribute cocaine hydrochloride, also known as "coke." ECF No. 40 in 3:17-cr-5. A jury found the Petitioner guilty on Counts One, Four, and Five. ECF No. 255 at 114-16 in 3:17-cr-5. The jury also found the Petitioner guilty of the lesser included offenses in Counts Two and Three. ECF No. 255 at 114-15 in 3:17-cr-5.

The Petitioner was sentenced on August 27, 2018, to 264 months incarceration for Count One, 12 months of incarceration for Counts Two and Three each and 240 months of incarceration for Counts Four and Five each, all to be served concurrently. ECF No. 256 at 37 in 3:17-cr-5. During the sentencing hearing, the Government moved for a dismissal of the Second Amended Petition for Warrant for Offender Under Supervision filed against the Petitioner in 3:08-cr-5, which was a prior criminal action of the Petitioner's. ECF No. 256 at 35 in 3:17-cr-5. The violations within the second amended petition in 3:08-cr-5 were based solely on the conduct that subsequently gave rise to the Petitioner's most recent criminal action, 3:17-cr-5, the sentencing and conviction of which underlies this civil action. ECF No. 256 at 35 in 3:17-cr-5. After an oral motion by the Government, the Court dismissed with prejudice the second amended petition for a warrant in 3:08-cr-5. ECF No. 256 at 35-36 in 3:17-cr-5.

Before filing the instant § 2241 petition, the Petitioner has twice filed § 2241 petitions with this Court. 3:20-cv-73 & 3:20-cv-179. The Petitioner filed the first petition

on April 30, 2020, alleging that he was illegally sentenced in 3:17-cr-5 because of jurisdictional defects in the original and superseding indictments, that the District Court improperly sentenced him on counts that were dismissed, that double jeopardy was violated when the Petitioner was charged for the same conduct in Count One of the original and superseding indictments, and that the arrest warrant was invalid. ECF No. 1 in 3:20-cv-73. The R&R prepared by the magistrate judge recommended that the case be dismissed because Petitioner could not satisfy the Jones test to challenge his conviction or the Wheeler test to challenge his sentence. ECF No. 65 in 3:20-cv-73. This Court adopted that R&R and dismissed the action on February 10, 2021. ECF No. 69 in 3:20-cv-73. The Petitioner appealed the dismissal of his petition to the United States Court of Appeals for the Fourth Circuit, and the Fourth Circuit dismissed the appeal by unpublished per curiam opinion on March 29, 2021. ECF No. 78 in 3:20-cv-73.

While his first petition was still pending, the Petitioner filed a second petition pursuant to § 2241 with this Court. ECF No. 1 in 3:20-cv-179. The second petition alleged the same issues with the Petitioner's conviction and sentence in 3:17-cr-5. ECF No. 1 in 3:20-cv-179. Two weeks after the Fourth Circuit dismissed his appeal of the denial of his first petition, the Petitioner filed to withdraw his second petition. ECF No. 10 in 3:20-cv-179. On April 14, 2021, this Court dismissed the Petitioner's second § 2241 petition without prejudice. ECF No. 11 in 3:20-cv-179.

One week later, on April 21, 2021, the Petitioner filed the instant petition, his third petition before this Court, pursuant to 28 U.S.C. § 2241. ECF No. 1. However, the document filed is a combination of the Court-approved forms for both § 2241 and § 2255 petitions. Further, while the Petitioner identified his sentence as forming the basis for his

3

petition, the arguments set forth by the Petitioner relate to his conviction. Similar to the Petitioner's prior two petitions, the Petitioner raises issues with his conviction in 3:17-cr-5. The Petitioner alleges six grounds for relief (1) this Court did not have jurisdiction over Count One in the original and superseding indictments in 3:17-cr-5 because the Commerce Clause did not apply, (2) Counts Two, Three, Four, and Five of the superseding indictment violate double jeopardy because each count charges the Petitioner with the same conduct and the government did not introduce evidence to distinguish the counts, (3) the jury was informed on lesser included offenses for Counts Two, Three, Four, and Five, which violates due process, (4) jury instructions for the charge of being a felon in possession of a firearm omitted the *mens rea* requirement required under Rehaif, (5) the Petitioner was improperly charged and prosecuted in federal court instead of state court and (6) the Petitioner was denied assistance of counsel during his direct appeal of his convictions and sentences. For relief, the Petitioner requests that the Court dismiss Count One in the original indictment and in the superseding indictment, resentence him on any other counts that require resentencing and dismiss any other duplicitous counts.

On October 18, 2021, the Petitioner filed a Motion to Docket Text. ECF No. 22. Therein, the Petitioner argues that any sentence not found by the jury violates his Sixth Amendment right to a trial by jury. Specifically, the Petitioner claims that the Court abused its discretion by dismissing Count One without the jury present.[1] The Petitioner also takes issue with Count One charging the same violation of law in both the original and

---

[1] The Petitioner states that Count One was dismissed with prejudice on August 27, 2018. The Petitioner's sentencing hearing in 3:17-cr-5 was held on August 27, 2018, during which the Court dismissed with prejudice the second amended petition in the Petitioner's earlier criminal case 3:08-cr-5.

4

superseding indictments. The Petitioner avers that this error must be corrected and that this error deprived the Court of subject matter jurisdiction over the remaining Counts in the superseding indictment.

On January 5, 2022, the Petitioner filed a Motion to Compel Summary Judgment. ECF No. 25. Therein, the Petitioner requests that the Court correct its earlier denial of summary judgment and issue a ruling on his petition. The Petitioner also restates issues regarding his conviction in 3:17-cr-5. The Petitioner also raises concern with the jury verdict forms being filed on the docket on the last day of his trial. The Petitioner asserts that because the jury verdict forms were filed on the last day, the jury could not have found him guilty of the counts presented on the verdict forms.

Magistrate Judge Trumble issued a R&R on January 10, 2022. ECF No. 26. Therein, Magistrate Judge Trumble recommends that this Court deny and dismiss the Petitioner's petition without prejudice. Magistrate Judge Trumble found that the Petitioner cannot satisfy the threshold jurisdictional test set forth in <u>Jones</u>.[2] Specifically, the Petitioner failed to show that the conduct he was convicted of is no longer illegal. The crimes the Petitioner was convicted of committing—distribution of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1); being an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); possession with intent to distribute cocaine

---

[2] When a petitioner is challenging the legality of his conviction, as the Petitioner appears to do, the claimant must satisfy all three of the following conditions:
> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).

base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); possession of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and possession of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)—are still violations of law.

Additionally, to the extent that the Petitioner challenges his sentence, Magistrate Judge Trumble found that the Petitioner cannot satisfy the threshold test set forth in Wheeler.[3]  The Petitioner did not provide the Court with any changes in substantive law pertinent to his case nor any changes that apply retroactively on collateral review. Therefore, the magistrate judge recommends that this Court deny and dismiss the Petitioner's petition without prejudice because this Court does not have jurisdiction over the Petitioner's challenge to his conviction or sentence. The Petitioner timely filed objections to the R&R on January 27, 2022.  ECF No. 31.

The Petitioner filed a second Motion to Correct Sentence. ECF No. 29.  Therein, the Petitioner again argues that the Court abused its discretion by dismissing Count One without the jury present.  The Petitioner also alleges that his sentence was improperly

---

[3] When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:
> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018).

enhanced. The Petitioner requests that he be resentenced and have his other counts dismissed.

Most recently, the Petitioner filed a Motion to Compel Answer to Objections. ECF No. 32. Therein, the Petitioner recounts the timeline of his case and notes that he has not received a ruling on his objections within fourteen days. The Petitioner briefly restates his objections and requests that the Court issue a ruling on his objections.

Accordingly, now pending before the Court are the Petitioner's Motion to Correct Docket Text [ECF No. 22], the Petitioner's Motion to Compel Summary Judgment [ECF No. 25], Magistrate Judge Trumble's Report and Recommendation [ECF No. 26], the Petitioner's Motion to Correct Sentence [ECF No. 29], the Petitioner's Objections to the R&R [ECF No. 31], and the Petitioner's Motion to Compel Answer to Objections [ECF No. 32].

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Pursuant to this Court's Local Rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged

and shall specify the basis for each objection." LR PL P 12(b). The Local Rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W.Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Id. at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or

arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. ANALYSIS

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented no new material facts or arguments in his objections to the magistrate judge's R&R. ECF No. 31. The Petitioner's first objection references 3:20-cv-78, which is a case that the Petitioner is not a party in. Moreover, the Petitioner then reasserts that Count One of the superseding indictment is in error. The Petitioner again alleges that the Court dismissed Count One of the indictment with prejudice. As it relates to the R&R, the Petitioner argues that Magistrate Judge Trumble erred by focusing on Count Two, instead of Count One, in his analysis.

The Petitioner's second objection argues that the Government violated double jeopardy by duplicating Count One of the original indictment in the superseding indictment. The Petitioner also argues that the Court lost jurisdiction when Count One was dismissed. The Petitioner submitted a copy of Count One of the superseding indictment, an excerpt from the sentencing transcript in 3:17-cr-5, a letter from the Clerk of Court, a partial docket sheet, and an excerpt of the Judgment and Commitment Order attached to his objections.

Also pending before the Court are the Petitioner's Motion to Correct Docket Text [ECF No. 22], the Petitioner's Motion to Compel Summary Judgment [ECF No. 25], the

9

Petitioner's Motion to Correct Sentence [ECF No. 29] and the Petitioner's Motion to Compel Answer to Objections [ECF No. 32]. The Court will address these motions separately.

### A. Petitioner's Objection Asserting that Count One of the Indictment was Dismissed and the R&R Referenced Count Two in Error

In his first objection, the Petitioner asserts that Count One of his indictment was defective and the magistrate judge erred by referencing Count Two in the R&R. However, the Petitioner does not identify what finding of the R&R relies on an analysis of the substance of Count Two of the indictment. Because the Petitioner makes only a general objection, the Court will subject the R&R to only a clear error review on this issue. Williams, 2012 WL 2873569, at *2. Upon review of the R&R, the Court finds that the magistrate judge did not reference Count Two in its analysis of the present petition but in the background discussion of the Petitioner's prior petitions.

The reference to Count Two is made in Part II Factual and Procedural History, Section C.1 Northern District of West Virginia Case Number 3:20-cv-73 of the R&R. In this section, the R&R states that the second claim for relief alleged by the Petitioner in 3:20-cv-73 and 3:20-cv-179 was "that there was a defect in Count 2 of the superseding indictment issued on August 11, 2008, and that the defect was constructively and improperly amended." ECF No. 26 at 6. Upon review of the petitions filed in those cases, the Court finds that the Petitioner did indeed cite Count Two, not Count One in his filings. ECF No. 1 at 7 in 3:20-cv-73 & ECF No. 1 at 11 in 3:20-cv-179.

In 3:20-cv-73, Ground Two of the Petitioner's Petition begins "Constructive Amendment/Jurisdictional Defect *Count Two* of Superseded Indictment." ECF No. 1 at 7

(emphasis added). In 3:20-cv-179, Ground Two of the Petitioner's Petition begins just the same, "Constructive Amendment/Jurisdiction Defect *Count Two* of Superseded Indictment." ECF No. 1 at 11 (emphasis added). Thus, the magistrate judge did not inaccurately summarize the grounds alleged in the Petitioner's prior petitions. Further, both cases have been dismissed and neither have any effect on the present pending petition. Therefore, this Court finds that the magistrate judge did not commit clear error.

Additionally, the Petitioner's allegation that Count One was defective was made in his petition. ECF No. 1 at 7. "[W]hen an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor, 32 F. Supp. 3d at 260-61. This issue was reviewed by the magistrate judge [ECF No. 26 at 8], and the Petitioner offers no new material argument or facts regarding this claim in his objections. Further, the Petitioner makes no connection between this argument and the R&R's finding that he cannot satisfy either threshold jurisdictional test in Jones or Wheeler. Accordingly, the Petitioner's objection that Count Two was referenced and relied upon in the R&R in error is **OVERRULED**.

### B. Petitioner's Objection Asserting that Double Jeopardy was Violated

The Petitioner's second objection asserts that the Government violated double jeopardy by duplicating Count One of the original indictment in the superseding indictment. The Petitioner cites no case law to support his objection. Additionally, the Petitioner already raised this argument in his petition. ECF No. 1 at 11. More importantly, the Petitioner makes no connection between this argument and the R&R's finding that he cannot satisfy either threshold jurisdictional test in Jones or Wheeler.

Instead, the Petitioner merely restates arguments already made in his petition and previous filings, devoid of any reference to specific findings or recommendations and unsupported by legal authority. Therefore, the Court finds that *de novo* review is not required because the Petitioner's objections offer no new legal arguments, and the Petitioner's factual presentation was properly considered by the Magistrate Judge in his R&R. See Mario, 313 F.3d at 766; Taylor, 32 F. Supp. 3d 253, 260-61. Accordingly, the Petitioner's objection that double jeopardy was violated when the superseding indictment was filed is **OVERRULED**.

### C. Petitioner's Motion to Correct Docket Text

Prior to the entering of the R&R in this case, the Petitioner moved this Court to "discharge all 5 counts in case 3:17-cr-5 with prejudice and award penalties for these crimes to be paid to [him] in compensation and damages for [his] illegal incarceration." ECF No. 22 at 1. In support, the Petitioner asserts that Count One was dismissed with prejudice on August 27, 2018, citing to electronic document number 205 in 3:17-cr-5. The Petitioner requests that this clerical error be remedied and all other charges dismissed. Upon review and consideration, the Court **DENIES** the Petitioner's Motion to Correct Docket Text [ECF No. 22].

While the Court does not find any errors in electronic document number 205, the Court did find a clerical error in document 203 upon its review of the docket. In the Minute Entry [ECF No. 203], the docket reads that Count One of the original indictment was dismissed upon motion by the Government. However, during the hearing, the Government moved to dismiss the Second Amended Petition for Warrant for Offender Under Supervision that was filed against the Petitioner in 3:08-cr-5. Upon hearing the

motion, the Court dismissed with prejudice the second amended petition for warrant in the Petitioner's prior criminal case, 3:08-cr-5.

The Clerk of Court is **DIRECTED** to correct the docket text of the Minute Entry [ECF No. 203] to reflect that the Government did not move to dismiss Count One of the original indictment but moved for a dismissal of Second Amended Petition for Warrant for Offender Under Supervision in 3:08-cr-5 and the Court granted the motion, dismissing the petition with prejudice.

### D. Petitioner's Motion to Compel Summary Judgment

On January 5, 2022, the Petitioner filed a Motion to Compel Summary Judgment. ECF No. 25. Therein, the Petitioner requests that this Court correct its denial of the Petitioner's earlier motion for summary judgment [ECF No. 5]. The Petitioner also generally requests a ruling on his petition and notes his disappointment with the pace at which his case is proceeding.

The Petitioner did not cite under which Federal Rule of Civil Procedure he brings his motion.[4] However, his *pro se* pleading is entitled to liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Because the Petitioner filed his motion for reconsideration more than ten days after the entry of judgment, his motion is properly considered under Rule 60(b). Miller v. Jack, 2007 WL 2255299, at *1 (N.D. W. Va. Aug. 3, 2007) (citing Moody v. Maynard, 105 F. App'x 458, 462 (4th Cir. 2004)) ("Motions for reconsideration served within 10 business days of judgment ordinarily fall under Fed. R. Civ. P. 59(e) while motions filed at a later date fall under Fed. R. Civ. P. 60(b).").

---

[4] The Federal Rules cited to by the Petitioner are the rules that pertain to summary judgment, Rule 56, and judgment on the pleadings, Rule 12(c), not reconsideration, which are Rules 59 and 60.

13

Rule 60(b) authorizes the Court to relieve a party from a final judgment for any of six enumerated reasons. Fed. R. Civ. P. 60(b). The six grounds upon which relief can be granted are:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Petitioner's argument most likely falls under Rule 60(b)(1) because the Petitioner requests that this Court enter a "correct" ruling, implying that a mistake had been made. However, the Petitioner does not provide any argument or detail as to the error made in the Court's prior denial decision. Instead, the Petitioner rehashes arguments made in his petition and requests that his petition be adjudicated promptly. Because the Petitioner does not identify any error made in the Court's Order Denying Motion as Premature [ECF No. 20] and because this Order rules on his pending petition, the Petitioner's Motion to Compel Summary Judgment [ECF No. 25] is **DENIED** as **MOOT**.

### E. Petitioner's Motion to Correct Sentence

On January 19, 2022, after the R&R was entered in this case, the Petitioner filed a Motion to Correct Sentence. ECF No. 29. Therein, the Petitioner reiterates arguments

14

regarding the validity of his conviction and sentence. These arguments are more appropriately made in habeas petitions and indeed were made by the Petitioner in his habeas petition. Accordingly, pursuant to this Court's decision to deny and dismiss the Petitioner's petition without prejudice, the Petitioner's Motion to Correct Sentence [ECF No. 29] is **TERMINATED** as **MOOT**.

### F. Petitioner's Motion to Compel Answers to Objections

On February 14, 2022, after filing his objections to the R&R, the Petitioner filed a Motion to Compel Answers to Objections. ECF No. 32. Therein, the Petitioner expresses concern that the Court has not ruled on his objections after fourteen days. The Petitioner also briefly restates arguments made in his petition, objections, and other pending motions. Because this Order rules on the Petitioner's objections, the Petitioner's Motion to Compel Answers to Objections [ECF No. 32] is **TERMINATED** as **MOOT**.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 26] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Thus, Petitioner's § 2241 Petition is **DISMISSED WITHOUT PREJUDICE**. ECF No. 1. It is **FURTHER ORDERED** that the Petitioner's Motion to Correct Docket Text [ECF No. 22] is **DENIED**, the Petitioner's Motion to Compel Summary Judgment [ECF No. 25] is **DENIED** as **MOOT**, the Petitioner's Motion to Correct Sentence [ECF No. 29] is **TERMINATED** as **MOOT** and the Petitioner's Motion to Compel Answer to Objections [ECF No. 32] is **TERMINATED** as **MOOT**.

15

The Clerk of Court is **DIRECTED** to correct the docket text of the Minute Entry [ECF No. 203] to reflect that the Government did not move for a dismissal of Count One of the original indictment but instead moved for a dismissal of Second Amended Petition for Warrant for Offender Under Supervision in 3:08-cr-5 and the Court granted the motion, dismissing the petition with prejudice.

This case is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record and the *pro se* Petitioner, by certified mail, at his last known address as reflected upon the docket sheet.

**DATED:** April 8, 2022

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE