IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**GREGORY K. CLINTON,**

       Petitioner,

v.                                             CIVIL ACTION NO.: 3:21-CV-58 (GROH)

**MR. WOLFE,**

       Respondent.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM ORDER

Now before the Court is the Petitioner's Motion Pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 41. Therein, the Petitioner moves for relief from this Court's Order Adopting the Magistrate Judge's Report and Recommendation [ECF No. 38]. This matter was previously dismissed without prejudice and stricken from the Court's active docket on April 7, 2022, upon the entering of the Court's Order Adopting the Magistrate Judge's Report and Recommendation. ECF No. 38. For the reasons that follow, the Petitioner's motion is **DENIED**.

### I. Background

The Petitioner filed the underlying Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on April 21, 2021. ECF No. 1. Before filing the instant § 2241 petition, the Petitioner twice filed § 2241 petitions with this Court. 3:20-cv-73 & 3:20-cv-179. All three petitions asserted alleged deficiencies with one of the Petitioner's closed criminal

matters before this Court, 3:17-cr-5. ECF No. 1. Both prior petitions were denied and dismissed without prejudice. ECF No. 69 in 3:20-cv-73; ECF No. 11 in 3:20-cv-179.

In January of 2017, a grand jury indicted the Petitioner on one count of being an armed career criminal. ECF No. 1 in 3:17-cr-5. Two months later, the Government filed a superseding indictment, charging the Petitioner in five counts. ECF No. 40 in 3:17-cr-5. Count One charged the Petitioner with being an armed career criminal, Counts Two and Four charged the Petitioner with possession with intent to distribute cocaine base, and Counts Three and Five charged the Petitioner with possession with intent to distribute cocaine hydrochloride. ECF No. 40 in 3:17-cr-5. The Petitioner was on supervised release at the time he committed the offenses charged in 3:17-cr-5.

A jury found the Petitioner guilty on Counts One, Four and Five. ECF No. 255 at 114-16 in 3:17-cr-5. The jury also found the Petitioner guilty of the lesser included offenses in Counts Two and Three. ECF No. 255 at 114-15 in 3:17-cr-5. During the sentencing hearing, the Government moved for a dismissal of the Second Amended Petition for Warrant for Offender Under Supervision filed against the Petitioner in 3:08-cr-5, which was a prior criminal action of the Petitioner's. ECF No. 256 at 35 in 3:17-cr-5. The violations within the second amended petition in 3:08-cr-5 were based solely on the conduct that subsequently gave rise to 3:17-cr-5, the sentencing and conviction of which underlies this civil action. ECF No. 256 at 35 in 3:17-cr-5. After an oral motion by the Government, the Court dismissed with prejudice the second amended petition for a warrant in 3:08-cr-5. ECF No. 256 at 35-36 in 3:17-cr-5.

In his most recent petition, the Petitioner alleged six grounds for relief: (1) this Court did not have jurisdiction over Count One in the original and superseding indictments

in 3:17-cr-5 because the Commerce Clause did not apply, (2) Counts Two, Three, Four and Five of the superseding indictment violate the double jeopardy clause of the Sixth Amendment[1] because each count charged the Petitioner with the same conduct and the government did not introduce evidence to distinguish the counts, (3) the jury was informed on lesser included offenses for Counts Two, Three, Four and Five, which violates due process, (4) the jury instructions for the charge of being a felon in possession of a firearm omitted the mens rea requirement required under Rehaif v. United States, 139 S. Ct. 2191 (2019), (5) the Government improperly charged and prosecuted the Petitioner in federal court instead of state court and (6) the Petitioner was denied assistance of counsel during his direct appeal of his convictions and sentences. For relief, the Petitioner requested that this Court dismiss Count One in the original indictment and in the superseding indictment, resentence him on any other counts that require resentencing, and dismiss any other duplicitous counts.

On January 10, 2022, Magistrate Judge Robert W. Trumble issued a Report and Recommendation ("R&R"). ECF No. 26. Therein, Magistrate Judge Trumble recommended that this Court deny and dismiss the Petitioner's petition without prejudice. Magistrate Judge Trumble found that the Petitioner could not satisfy the threshold jurisdictional test set forth in In re Jones, 226 F.3d 328 (4th Cir. 2000) because the Petitioner failed to show that the conduct he was convicted of is no longer illegal. The crimes the Petitioner was convicted of committing—distribution of cocaine base, being an armed career criminal, possession with intent to distribute cocaine base, possession with

---

[1] The Court construed this claim as arising under the Fifth Amendment.

3

intent to distribute cocaine hydrochloride, possession of cocaine base and possession of cocaine hydrochloride—are still violations of law.

Additionally, to the extent that the Petitioner challenged his sentence, Magistrate Judge Trumble found that the Petitioner did not satisfy the threshold test set forth in <u>United States v. Wheeler</u>, 886 F.3d 415 (4th Cir. 2018). The Petitioner did not provide the Court with any changes in substantive law pertinent to his case nor any changes that apply retroactively on collateral review. Therefore, the magistrate judge recommended that this Court deny and dismiss the Petitioner's habeas petition without prejudice because this Court lacks jurisdiction over the Petitioner's challenge to his conviction and sentence.

The Petitioner timely filed objections to the R&R on January 27, 2022. ECF No. 31. This Court found that the Petitioner did not present any new material facts or arguments in his objections. Instead, the Petitioner reiterated his argument that Count One of the superseding indictment was in error, that the Court dismissed Count One of the indictment with prejudice, and that the Government violated double jeopardy by duplicating Count One of the original indictment in the superseding indictment. All these arguments were previously raised in his petition and addressed by Magistrate Judge Trumble.

Upon review of the magistrate's R&R for clear error, the Court found none. The Court adopted the R&R and adjudicated the remaining pending motions on the docket. The Court's Order further directed the Clerk of Court to correct the docket text of a Minute Entry [ECF No. 203 in 3:17-cr-5] to reflect that the Government did not move for a dismissal of Count One of the original indictment but instead moved for a dismissal of Second Amended Petition for Warrant for Offender Under Supervision in 3:08-cr-5, which

the Court granted. The Petitioner now moves this Court to reconsider its Order dismissing his habeas petition and correcting docket text. ECF No. 41.

## II.  Legal Standard and Analysis

The Petitioner brings his motion pursuant to Federal Rule of Civil Procedure Rule 60(b). ECF No. 41. Rule 60(b) authorizes the Court to relieve a party from a final judgment for any of six enumerated reasons. Fed. R. Civ. P. 60(b). The six grounds upon which relief can be granted are:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The relief Rule 60(b) provides is "extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979).

To be eligible for relief, the moving party must first demonstrate "(1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017). "After a party has crossed this initial threshold, [it] then must satisfy one of the six specific sections of Rule 60(b)." Dowell v. State Farm Fire &

5

Case 3:21-cv-00058-GMG Document 57 Filed 08/29/23 Page 6 of 12 PageID #: 258

Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). Here, the Petitioner asserts that he is entitled to relief under subsections (1), (3) and (4).

Under the Supreme Court's recent decision in Kemp, "mistake" under Rule 60(b)(1) refers to a mistake of fact or law, including those made by a judge. Kemp v. United States, 142 S. Ct. 1856, 1862 (2022). Inadvertence refers to "[a]n accidental oversight." Inadvertence, Black's Law Dictionary (11th ed. 2019).[2] Surprise describes "[a]n occurrence for which there is no adequate warning or that affects someone in an unexpected way." Surprise, Black's Law Dictionary (11th ed. 2019). Lastly, excusable neglect "is not easily demonstrated, nor was it intended to be." Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 548 (4th Cir. 1996). However, the Supreme Court has interpreted the phrase "excusable neglect" and articulated four factors for courts to consider when determining whether excusable neglect has occurred: (1) "danger of prejudice to the [non-movant]," (2) "the length of delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant" and (4) "whether the movant acted in good faith." Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 396 (1993).

Subsection (3) of Rule 60(b) allows a district court to grant a new trial if one of the parties engaged in fraud, misrepresentation or other misconduct. Fraud on the court is not the "garden-variety fraud." Fox ex rel. Fox v. Elk Run Coal Co., 739 F.3d 131, 135 (4th Cir. 2014). Fraud on the court is limited to severe situations, like "bribery of a judge

---

[2] "Courts properly assume, absent sufficient indication to the contrary, that Congress intends the words in its enactments to carry their ordinary, contemporary, common meaning." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993) (internal quotation omitted).

or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." Great Coastal Exp., Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 675 F.2d 1349, 1356 (4th Cir. 1982). Thus, not only must fraud on the court involve an intentional plot to deceive the judiciary, but it must also affect the public interest in a way that fraud between individual parties generally does not. Fox ex rel. Fox, 739 F.3d at 136. Under both Supreme Court and Fourth Circuit precedent, proving fraud on the court presents a very high bar for any litigant. Id. at 136-37.

Misrepresentations may be intentional or unintentional, under subsection (3). Lonsdorf v. Seefeldt, 47 F.3d 893, 897 (7th Cir. 1995). A misrepresentation is "a false assertion of fact, [that] commonly takes the form of spoken or written words. Whether a statement is false depends on the meaning of the words in all the circumstances, including what may fairly be inferred from them." Misrepresentation, Black's Law Dictionary (11th ed. 2019). A misrepresentation "may also be inferred from conduct other than words. Concealment or even non-disclosure may have the effect of a misrepresentation." Id.

Lastly, under subsection (3), misconduct refers to "dereliction of duty; unlawful, dishonest, or improper behavior, esp. by someone in a position of authority or trust." Misconduct, Black's Law Dictionary (11th ed. 2019). The moving party must prove the misconduct complained of by clear and convincing evidence and demonstrate that the misconduct prevented him from fully and fairly presenting his claim or defense. Square Const. Co. v. Washington Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981). In general, the misconduct must affect the movant's substantial rights. Harris v. Mapp, 719 F. Supp. 1317, 1324 (E.D. Va. 1989), aff'd, 907 F.2d 1138 (4th Cir. 1990).

For relief under subsection (4), a judgment is void when the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law. Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005). When deciding whether an order is void due to lack of subject matter jurisdiction, "courts must look for the 'rare instance of a clear usurpation of power.'" Id. at 413 (quoting In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998)). A simple error does not make a judgment void. Id. (citing Baumlin & Ernst, Ltd. v. Gemini, Ltd., 637 F.2d 238, 241-42 (4th Cir.1980)). "A court usurps jurisdiction 'only when there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction.'" Id. (quoting Nemaizer v. Baker, 793 F.2d 58, 65 (2d Cir. 1986) (internal quotation omitted)).

### III. Analysis

The Petitioner asserts that he is entitled to relief under subsections (1), (3) and (4) of Rule 60(b). The Petitioner once again argues that he cannot be indicted twice for the same charge. The Petitioner asserts that count one in the original and superseding indictment in his underlying criminal matter were dismissed against him. In the alternative, the Petitioner argues if the charges were not dismissed, then the Government violated Double Jeopardy by filing duplicative charges. This is the same argument that has plagued much of the Petitioner's recent litigation before this Court, and the Court has repeatedly found it unsubstantiated. E.g. ECF No. 1, 38; ECF Nos. 384, 405, 411, 459, 484, 494, 497, 501, 503 in 3:17-cr-5; ECF Nos. 1, 65, 69 in 3:20-cv-73. Indeed, the United States Court of Appeals for the Fourth Circuit reviewed the record on this issue and found no reversible error. ECF No. 466; United States v. Clinton, No. 22-6081, 2022 WL 910658, at *1 (4th Cir. Mar. 29, 2022).

In order to be eligible for relief under any of the subsections in Rule 60(b), the Petitioner must first show "(1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." Wells Fargo Bank, N.A., 859 F.3d at 299. While the Petitioner did timely file the present motion, the Petitioner does not offer a meritorious defense. This Court and the Fourth Circuit have both found the Petitioner's argument related to his superseding indictment to be meritless. Further, this argument pertains to the Petitioner's underlying criminal case and not the Order adopting the magistrate's R&R in this civil matter. Once again, the Petitioner misuses an opportunity to be heard by this Court to rehash arguments pertaining to his criminal trial that have long since been decided. Nonetheless, upon review of the Petitioner's argument in support of relief, the Court finds that the Petitioner has not shown that mistake, inadvertence, surprise, or excusable neglect occurred; an opposing party committed fraud misrepresentation, or misconduct; or the judgment is void.

The Court finds no mistake of law or fact in its Order adopting the magistrate judge's R&R. The Court applied the appropriate level of review to the findings reported and recommended by the magistrate judge. Indeed, the Petitioner does not identify any legal precedent or standard of review that was misapplied by this Court. The background section accurately recounts both the factual and procedural history of the Petitioner's case. Ultimately, the Court's analysis properly applied the facts to the law. Further, the Court finds no evidence of and the Petitioner makes no argument describing surprise, inadvertence or excusable neglect. Indeed, this Court's prior Order is in fact quite consistent with its earlier rulings on these issues in this matter, as well as in the other civil and criminal matters that the Petitioner is a party to before this Court.

Similarly, for subsection (3) the Petitioner has brought no evidence or argument describing behavior that rises to a level of fraud on the court, misrepresentation or misconduct by the Respondent. Lastly, the Court was not without subject matter jurisdiction to adjudicate the Petitioner's claim. This Court's jurisdiction was plainly apparent as the Petitioner is currently incarcerated within the Northern District of West Virginia, and the Petitioner was tried by a jury and sentenced in his underlying criminal case in the Northern District of West Virginia. LR PL P 1. Therefore, the Petitioner's habeas petition was properly brought before and ruled upon by this Court.

Additionally, the Petitioner takes issue with the Court's analysis pertaining to his Motion to Correct Docket Text [ECF No. 22]. In his motion, the Petitioner requested that this Court amend docket entry 205 in 3:17-cr-5, "discharge all 5 counts in case 3:17-cr-5 with prejudice and award penalties for these crimes to be paid to [him] in compensation and damages for [his] illegal incarceration." ECF No. 22 at 1. While the Court ultimately denied the Petitioner's motion to correct docket text, during its review of the docket the Court found an error in another docket entry: Minute Entry 203 in 3:17-cr-5.

The original docket text of Minute Entry 203 read "Count 1 dismissed by USA." ECF No. 203 in 3:17-cr-5. The Court's prior Order described the docket text as showing that "Count One of the original indictment was dismissed upon motion by the Government." ECF No. 38 at 12. The Petitioner alleges that this characterization is "fraudulent and subterfudge [sic]." ECF No. 41 at 1. It is not; this is an accurate description. The Court felt clarity was necessary given the Petitioner's persistent misunderstanding of his original and superseding indictments and the procedural history of his case. When the docket entry stated "Count 1," that was in reference to Count One

of the original indictment. When the docket entry read "dismissed by USA," that meant that the Government moved to dismiss. Altogether, the text of the minute entry reflected that Count One of the original indictment was dismissed upon motion of the government, which is how the Court described the entry in its prior Order.

However, upon further review of the docket and related hearing transcripts, the Court discovered that this Minute Entry was in error. During the hearing, the Government moved to dismiss the Second Amended Petition for Warrant for Offender Under Supervision that was filed against the Petitioner in yet another one of his criminal cases in this jurisdiction, 3:08-cr-5. The violations within the second amended petition in 3:08-cr-5 were based solely on the conduct that subsequently gave rise to the Petitioner's most recent criminal action, 3:17-cr-5, the sentencing and conviction of which underlies this civil action. ECF No. 256 at 35 in 3:17-cr-5. Upon noticing this error, the Court, in its previous Order, directed the Clerk of Court to correct the docket text of the Minute Entry [ECF No. 203 in 3:17-cr-5] to reflect that the Government did not move to dismiss Count One of the original indictment at this juncture but moved for a dismissal of Second Amended Petition for Warrant for Offender Under Supervision in 3:08-cr-5, and the Court granted the motion, dismissing the petition with prejudice.

As with the Court's decision to adopt the magistrate's R&R, the Petitioner has not satisfied subsection (1), (3) or (4) as it relates to this Court's decision to deny his motion to correct docket text. The Petitioner did not identify any mistake, inadvertence, surprise or excusable neglect. To the extent that mistake or inadvertence existed, it was not in the Court's prior Order in this civil matter. Indeed, the Court's prior Order remedied an earlier mistake in the Petitioner's underlying criminal case. Any inadvertence or mistake that was

present in the Petitioner's litigation before this Court has been resolved. Further, the Petitioner did not and cannot show that the Respondent committed fraud misrepresentation, or misconduct related to the adjudication of the motion to correct docket text. Lastly, the Court was well within its jurisdictional authority to amend its own docket text.

## IV. Conclusion

For the foregoing reasons, this Court **ORDERS** that the Petitioner's Motion Pursuant to Federal Rule of Civil Procedure 60(b) [ECF No. 41] be **DENIED** and this civil action remain closed.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record by electronic means.

**DATED**: August 29, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE